[Civil No. 607.   Filed June 11, 1898.]

[53 Pac. 494.]

ALBERT STEINFELD, Plaintiff and Appellant, v. W. J.
ROSS, Defendant and Appellee.

1. EJECTMENT — ANSWER — ADVERSE POSSESSION—ISSUES—TENANCY—
    EVIDENCE.—Where the answer to a complaint in an action in the
    nature of ejectment is a plea of adverse possession, through title

in defendant, adverse to plaintiff, it is error for the court to instruct the jury to bring in a verdict for defendant upon the ground that under the evidence it was apparent that at the time the action was brought defendant was a tenant of plaintiff, the issue not being between landlord and tenant, and the only evidence of tenancy being the testimony of plaintiff that at one time defendant was his tenant, but that he had never received any rent and had not asked for any rent for more than two years.

2. SAME—OUSTER—EVIDENCE—DEFENDANT'S TITLE DEEDS—STATUTE OF LIMITATIONS—WHEN ADVERSE HOLDING COMMENCED.—Plaintiff in ejectment has a right to show the nature and time of the ouster by introducing the deeds under which defendant claims. Though the deed as dated might have been a bar to the action of plaintiff because of the statute of limitations, the date is not conclusive; the plaintiff having the right in connection therewith to have shown that he never knew of an adverse claim, and that none had been asserted until within a period not affected by the statute.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. J. D. Bethune, Judge. Reversed.

The facts are stated in the opinion.

Frank H. Hereford, for Appellant.

The deed from A. S. White to William J. Ross was rejected as evidence by the court. To use the language of the supreme court of the United States: "When the tenant disclaims to hold under his lease he becomes a trespasser, and his possession is adverse and is open to the action of his landlord as a possession acquired originally by wrong. This act is conclusive on the tenant. He cannot revoke his disclaimer and adverse claim so as to protect himself during the unexpired time of the lease. He is a trespasser on him who has the legal title, and the relation of landlord and tenant is dissolved, and each party is to stand upon his own right and the landlord can without notice sue for the possession of the premises." *Wilson* v. *Watkins,* 3 Pet. 43. See, also, *Sharpe* v. *Kelley,* 5 Denio, 433; *Bolton* v. *Landers,* 27 Cal. 104; *Smith* v. *Shaw,* 16 Cal. 88.

Therefore, the deed of A. S. White to the defendant became of the utmost importance in the case as showing in the strongest way known in our law the attempt of defendant to oust plaintiff and to initiate the very adverse claim of title

set up by defendant in two of his answers as defenses in this case.

Satterwhite & Lovell, for Appellee.

STREET, C. J.—Appellant brought an action in the district court in and for Pima County, in the nature of ejectment, to recover from appellee and defendant, W. J. Ross, part of lot 1 in the northeast quarter of section 11 of township 14 south, of range 13 east, known and described as the "White Place," alleging ouster to have taken place on the second day of March, 1890, and for damages for the detention. The defendant, Ross, made answer, and denied that plaintiff ever was the owner of any part of the land, and denied that plaintiff ever had any estate or interest in it, and alleged that he [the defendant] had been in possession thereof for more than five years, cultivating it, using it, and paying the taxes thereon, and claiming title thereto, under deeds duly registered, adversely to plaintiff and to all the world, and alleged that neither the plaintiff nor any person under whom plaintiff claimed ever had been seized or possessed of the premises described in the complaint within five years next prior to the commencement of this action, and alleged that plaintiff was barred by the statute of limitations from recovering, and claimed title in himself adverse to plaintiff. Plaintiff, to maintain the issue and show title in himself, introduced in evidence, first, a deed from the government of the United States to A. S. White, dated the 30th of March, 1882; second, a deed dated 22d of May, 1885, from Robert H. Paul, sheriff of Pima County, to T. L. Stiles, assignee of Hudson & Co., reciting a certain judgment of the district court of Pima County, entered the third day of October, 1884, in favor of Charles Hudson et al., against A. S. White, conveying all interest of said White in said land to Stiles; third, a deed dated June 24, 1887, from T. L. Stiles, assignee, to Leo Goldschmidt; fourth, a deed dated the twenty-ninth day of December, 1887, from Leo Goldschmidt to plaintiff, Albert Steinfeld; fifth, a further deed dated the tenth day of June, 1889, from Leo Goldschmidt to Albert Steinfeld; sixth, a deed dated the eleventh day of July, 1887, from A. S. White to W. G. Whorf, conveying to said Whorf whatever interest

he then had in the property; seventh, a deed dated January 3, 1889, from Whorf to William Zeckendorf, of whatever interest he (the said Whorf) had and acquired by virtue of said deed from A. S. White to him; eighth, a deed dated March 1, 1893, from William Zeckendorf to Albert Steinfeld.

Plaintiff then offered in evidence a quitclaim deed dated July 9, 1887, from A. S. White to the defendant, William J. Ross, to the introduction of which the defendant objected, on the ground that it was immaterial, incompetent, and irrelevant, and the court sustained the objection of the defendant. The plaintiff testified that Ross had occupied the property for some time, and was at one time his tenant; that he had never received any rent from Ross, and had not asked him for any rent for more than two years, which is all that was shown as to tenancy; whereupon the defendant asked from the court an instruction to the jury to bring in a verdict for the defendant upon the ground that under the evidence it was apparent that the defendant was the tenant of plaintiff at the time the action in ejectment was brought, which motion was granted by the court and an instruction given, and the verdict of the jury was returned accordingly. In this there was undoubted error. The issue was not between landlord and tenant. Under the answer of the defendant he was claiming upon notorious adverse possession, through title in himself, adverse to plaintiff. The statement by plaintiff that the defendant had at one time been treated as a tenant would be no reason for holding that the tenancy still existed in face of the answer of the defendant himself that he was holding the property under a title adverse to plaintiff. Under the condition of the testimony it was not only improper to assume that tenancy existed at the time of filing the complaint, and so instruct the jury, but a verdict for the defendant might properly have been set aside because of lack of evidence if the question had been submitted to a jury, and the jury had decided in favor of the defendant.

The court erred also in refusing to allow the offer of plaintiff's deed from A. S. White to William J. Ross, under date of July 9, 1887. The plaintiff in ejectment has a right to show the nature of the ouster and the time of the ouster; and one of the means of showing that is to show the titles under which defendant claimed. It is true, the title offered, being

of date July 9, 1887, might have been a bar to the action of plaintiff because of the statute of limitations; but the date of the deed is not conclusive of that fact. It would have been the right of plaintiff, in connection therewith, to have shown that the plaintiff never knew of such adverse claim of his tenant, and that defendant never asserted the same or pretended to hold under it until within a period not affected by the statute of limitations. The judgment of the district court is reversed and the cause remanded for a new trial.

Sloan, J., Doan, J., and Davis, J., concur.